No. 86-31

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

THE STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

ARNOLD YTTERDAHL,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourteenth Judicial District,
In and for the County of Musselshell,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Nye & Meyer; Jerrold L. Nye, Billings, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Patricia J. Schaeffer, Asst. Attorney General, Helena
        John L. Pratt, County Attorney, Roundup, Montana

---

Submitted on Briefs: March 28, 1986

Decided: July 15, 1986

Filed: JUL 15 1986

---
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appellant, Arnold Ytterdahl, appeals from the judgment of the District Court, Fourteenth Judicial District, County of Musselshell, affirming the judgment of the Justice Court of Musselshell County, finding Ytterdahl guilty of the offense of disorderly conduct in violation of § 45-8-101(1)(g), MCA. We reverse and dismiss.

Prior to the incident described here, Musselshell County and Ytterdahl were parties to a civil action regarding an easement on Ytterdahl's property. On May 9, 1985, a judgment was entered in that action. Thereafter, the Musselshell County Commissioners sent a letter to Ytterdahl, asking him to meet with them at 10:00 a.m. on May 20, 1985, to discuss issues and problems arising from the judgment entered in the easement action.

Ytterdahl came to the meeting as requested. Present at the meeting were the three county commissioners, the county attorney, the commissioner of public works, and Ytterdahl.

It appears that the easement was never discussed at the commissioners' meeting. Ytterdahl arrived upset, because the county, without his permission, had bladed a roadway across his property to provide access to the fairgrounds during road repairs. The State contends that Ytterdahl was "discourteous, bordering on the irrational, and was hollering and screaming at the commissioners." There is evidence to that effect. When the county attorney told the defendant he could initiate a lawsuit in regard to his new complaint of trespass, the defendant "mumbled a bad word," got up, stomped out and slammed the door so hard that the glass in the room

rattled. The commissioners then recessed their meeting to "get their feelings settled down" for a period of 15 minutes. The District Court, in a bench trial for which the defendant waived a jury, determined that the defendant had violated the statute under which he was charged. The complaint filed in the Justice Court against Ytterdahl was that he had committed a misdemeanor, disorderly conduct, a violation of § 45-8-101(1)(g), MCA, in that he "knowingly disturbed the peace by disturbing or disrupting any lawful assembly or public meeting, namely, a county commissioner's meeting, by getting up, storming out of the meeting, and slamming the door."

The pertinent language of § 45-8-101, MCA, follows:

Disorderly conduct. (1) A person commits the offense of disorderly conduct if he knowingly disturbs the peace by:

. . .

(g) disturbing or disrupting any lawful assembly or public meeting;

Ytterdahl raises two issues for our review:

1. Whether § 45-8-101(1)(g), MCA, is unconstitutionally vague;

2. Whether the evidence was sufficient to support Ytterdahl's conviction.

With respect to the first issue, the State argues that Ytterdahl is barred from raising a question of the constitutionality of a statute because he failed to raise the issue in the District Court. The State relies on the provisions of § 46-20-104(1), MCA, as supplemented by § 46-20-702, MCA.

It is true that under § 46-20-702, MCA, it is provided that no claim on appeal alleging an error affecting

- 3 -

jurisdictional or constitutional rights may be noticed by us if the error was not objected to as provided in § 46-20-104, MCA, unless certain conditions exist which are not pertinent here. While a question might be raised as to whether any appellant may be prevented on appeal from raising jurisdictional or constitutional questions, it is not necessary for us to face that problem here. Because Ytterdahl raises the issue of the sufficiency of the evidence, it is necessary for us to examine the provisions of § 45-8-101(1)(g), MCA, as to its proper interpretation in the light of this case.

It is certain that from the provisions of our statute defining disorderly conduct, in this case, at least two conditions must be shown in the evidence; (1) that the defendant knowingly disturbed the peace; and, (2) that he disturbed it through disrupting a lawful assembly or public meeting.

The gravamen of the statute defining the offense is "knowingly disturbing the peace." It is noted in Fischbach v. Ohio State Racing Commission (Oh. App. 1955), 147 N.E.2d 258, that in legal textbooks there is no classification known as "disturbing the peace" and that reference is always made to "breach of the peace." Montana's statute defining disorderly conduct appears to be a hybrid of the concepts of disorderly conduct and breach of the peace. It is stated in 12 Am.Jur.2d 664, § 1:

> The cases generally agree that disorderly conduct
> is a broader term than breach of the peace, so that
> a person who commits a breach of the peace is
> necessarily guilty of disorderly conduct, but all
> disorderly conduct is not necessarily a breach of
> the peace. It should be noted that both breach of
> the peace and affray were offenses under the common
> law, whereas disorderly conduct, at least by that

- 4 -

name, is not an offense of common-law origin, but one created by statute or ordinance.

In the sense of the foregoing quoted paragraph, we seem to run contra to the general run of cases. Although disorderly conduct is in the general sense a broader term than breach of the peace, in Montana, under the statute, the crime of disorderly conduct is not committed, unless the person so acting, "knowingly disturbs the peace." We hold that disturbing the peace is synonymous with breaching the peace.

To establish a misdemeanor under § 45-8-101(1)(g), MCA, it is essential to show, as an element of the offense, a disturbance of public order and tranquility by acts or conduct not merely amounting to unlawfulness, but tending to create public tumult and incite others to break the peace. 12 Am.Jur.2d 666, § 4. The Restatement (Second) of Torts, § 116, defines a breach of the peace as a public offense done by violence or one causing or likely to cause an immediate disturbance.

The evidence in this case fails to show that the acts of the defendant for which he was charged tended to create public tumult, or to incite others to break the peace, or that it caused an immediate disturbance by others.

There is another, more important reason, however, for holding that Ytterdahl, in the circumstances of this case, did not commit an offense. It is the necessity that we give a narrow judicial interpretation of criminal statutes affecting the right of speech in order to insure that they prohibit only speech which is not constitutionally protected. State v. John W. (Me. 1980), 418 A.2d 1097, 14 A.L.R.4th 1238. As the Supreme Court of Maine pointed out, the

- 5 -

interpretation of such a criminal statute must be restricted to the kind of speech that produces or is likely to produce a clear and present danger of the substantive evils that the state may constitutionally seek to prevent. See Schenck v. United States (1919), 249 U.S. 47, 52, 39 S.Ct. 247, 249, 63 L.Ed. 470; Annot., "Supreme Court's Development of the Clear and Present Danger Rule," 38 L.Ed.2d 835 (1974); Landmark Communications, Inc. v. Virginia (1978), 435 U.S. 829, 842, 98 S.Ct. 1535, 1543, 56 L.Ed.2d 1, 12.

The right of a citizen to protest an alleged unlawful act of his government is undoubted. His right of speech, even though distasteful, must also be unfettered unless the speech creates the evil of a breach of peace. In weighing, in this case, the necessity that we preserve Ytterdahl's right of protest and right of free speech, in the circumstances here described, as against the interests of the State in preserving the peace, we hold that under the evidence here, the actual conduct of Ytterdahl was not sufficient to constitute the offense of disorderly conduct.

Accordingly, the judgment and conviction of the defendant herein is reversed and the cause is remanded to the District Court with instructions to dismiss the cause.

_John C. Sheehy_
Justice

We Concur:

_William E. Hunt_

_Daniel J. Shea_

_L. C. Gulbrandson_

_Frank I. Harrison_
Justices

- 6 -