No. 87-570

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STATE OF MONTANA,

        Plaintiff and Respondent,

   -vs-

DAVID L. LOWERY,

        Defendant and Appellant.

---

APPEAL FROM: The District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Terry G. Sehestedt, Missoula, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana

        John W. Robinson, County Attorney, Hamilton, Montana
        Peggy Tonon, Deputy County Atty., Hamilton, Montana

---

Submitted on Briefs:   June 9, 1988

Decided:   July 21, 1988

Filed: JUL 2 1 1988

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The District Court for the Fourth Judicial District, Ravalli County, found Mr. Lowery guilty of one count of disorderly conduct under § 45-8-101, MCA. Mr. Lowery appeals. We affirm.

The issues are:

1. Was it unlawful to prosecute Mr. Lowery for resisting a police officer's attempt to remove him from the town council meeting at which he had exercised his right to speak?

2. Is a disturbance which affects eight people a sufficient breach of the peace to constitute disorderly conduct?

Mr. Lowery was a city judge at Darby, Montana, at the time of this incident. He supported a non-partisan initiative which the town council had refused to put on the ballot at the previous November election. He attended the council's January 12, 1987, meeting with the purpose of raising the question of why the initiative had not been placed on the ballot. Others present at the council meeting were the council members, the town clerk, a police officer, and a local newspaper reporter.

About 45 minutes into the council meeting, Mr. Lowery was recognized and allowed to speak. Mr. Lowery and several council members discussed Mr. Lowery's concerns for a few minutes. One council member testified that he told Mr. Lowery that the council would ask for a court ruling on his question. Then the discussion between Mr. Lowery and that council member escalated in volume and emotion, with Mr. Lowery complaining about irregularities in the council meeting. The council member asked the police officer to escort Mr. Lowery out of the meeting. The officer attempted to do so, Mr. Lowery resisted, and a scuffle ensued in which a

2

chair was broken. Finally, the sheriff was called and Mr. Lowery was taken out of the room.

Mr. Lowery was charged in justice court with three counts of disorderly conduct. Count One was for fighting with the police officer. Count Two was for making loud or unusual noises at the town council meeting. Count Three was for disrupting a public meeting. The charges were tried to a jury in justice court. The justice of the peace dismissed Count Two, but the jury found Mr. Lowery guilty of Counts One and Three. Mr. Lowery appealed to district court, where he received a trial de novo.

Mr. Lowery waived a jury trial at the district court level. The District Court dismissed Count Three and found Mr. Lowery guilty of Count One. Mr. Lowery was sentenced to ten days in jail, with the sentence suspended for six months contingent on payment of $250 in costs, a $10 surcharge, and $10 in medical expenses for the police officer. Mr. Lowery appeals the judgment.

I

Was it unlawful to prosecute Mr. Lowery for resisting a police officer's attempt to remove him from the town council meeting at which he had exercised his right to speak?

Mr. Lowery maintains that since he was exercising his right to free speech at the town council meeting, he cannot be charged with disturbing the peace for resisting the police officer's efforts to remove him from the meeting. He bases his argument on this Court's opinion in State v. Ytterdahl (Mont. 1986), 721 P.2d 757, 43 St.Rep. 1245. There, this Court held that Mr. Ytterdahl's actions of "hollering and screaming" at commissioners at a Musselshell County Commission meeting and stomping out and slamming the door, did not constitute disorderly conduct under § 45-8-101(1)(g), MCA. That section prohibits disturbing the peace by "disturbing or

3

disrupting any lawful assembly or public meeting." This Court held that under the circumstances of that case, Mr. Ytterdahl's right to free speech outweighed the State's interest in preserving the peace. Ytterdahl, 721 P.2d at 760.

Mr. Lowery was convicted of Count One of the charges against him. That count read:

> On or about January 12, 1987 in Ravalli County, Montana, the Defendant DAVID L. LOWERY knowingly disturbed the peace by quarreling, challenging to fight or fighting, by fighting with the Darby Town Marshall Larry Rose at a Darby council meeting[.]

Count One clearly relates to § 45-8-101(1)(a), MCA: "A person commits the offense of disorderly conduct if he knowingly disturbs the peace by quarreling, challenging to fight, or fighting." Mr. Lowery's reliance upon Ytterdahl, then, is misplaced because that case involved prosecution under a different subsection of the statute.

Mr. Lowery argues that his forcible removal from the council meeting was a physical censorship and that it is the police officer who should be charged with disturbing the peace, not he. This assertion is without legal support. The decision of a presiding officer to have a citizen physically removed from a public meeting for disrupting the meeting cannot lawfully be challenged by forcible resistance. Gigler v. City of Klamath Falls (Or.App. 1975), 537 P.2d 121; State v. Smith (N.J. 1966), 218 A.2d 147, cert. denied, 385 U.S. 838. After reviewing the facts in the transcript, we conclude that Mr. Lowery's actions in physically resisting removal from the council meeting do not fit within the concept of speech protected under the Constitution. We further conclude that there is sufficient evidence in the record from which the lower court could find that Mr. Lowery violated the

prohibition against fighting in § 45-8-101(1)(a), MCA. We hold that it was not unlawful to prosecute Mr. Lowery under Count One of the complaint.

## II

Is a disturbance which affects eight people a sufficient breach of the peace to constitute disorderly conduct?

Mr. Lowery failed to raise this specific argument in district court. The State argues that for that reason, the argument should not be considered on appeal. See § 46-20-701(1), MCA. Nevertheless, because Mr. Lowery made the general argument below that his actions did not violate the criminal statutes, we will address the issue raised.

The criminal law commission comments to § 45-8-101, MCA, state that, for a charge of breach of the peace, "[i]t is not sufficient that a single person or a very few persons have grounds for complaint." However, in City of Billings v. Batten (Mont. 1985), 705 P.2d 1120, 42 St.Rep. 1398, defendant was convicted of using "fighting words" toward his neighbor in the presence of the neighbor's family and several passers-by and within the hearing of other neighbors. The total number of persons present was about ten. In City of Whitefish v. O'Shaughnessy (Mont. 1985), 704 P.2d 1021, 42 St.Rep. 928, defendant was convicted of using "fighting words" in the presence of two friends and a police officer. We hold that the circumstances presented here involve a disturbance to a sufficient number of persons to justify prosecution under § 45-8-101(1)(a), MCA.

Affirmed.

_____
Justice

5

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_John C. Sheehy_

_L. C. Gulbrandson_
Justices